## MIDDLETON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13946.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1952.

William R. Frazier, Jas. P. Hill and M. H. Myerson, Jacksonville, Fla., for petitioner.

Fred E. Youngman, Special Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty.

Gen., Mason B. Leming, Acting Chief Counsel, Charles E. Lowery, Special Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The petitioner timely filed his individual income tax returns for the years 1942 through 1947, inclusive, with the Collector of Internal Revenue, Jacksonville, Florida. These returns, with minor exceptions, accurately disclosed petitioner's income from his restaurant and tavern business and certain rental income, but failed to report any gains received by petitioner from his gambling activities for the years 1942 through 1945, and grossly understated gambling gains realized during the years 1946 and 1947. On October 26, 1948, petitioner filed amended income tax returns for the years in question, disclosing large sums of previously unreported income "estimated to represent net income from business of speculation" for each of the years. The additional taxes shown to be due on these returns were assessed and, with the exception of the additional assessment for 1947, were paid.

In a "90 day" letter dated September 30, 1949, petitioner was advised that a determination of his income tax liability for these years disclosed a deficiency of $164.-25 for 1943 and an overassessment of $996.-09 for 1947, "together with fraud penalties in the sum of $19,231.49." Attached to this letter were schedules showing the manner in which the adjustments and penalties were computed. The schedules disclosed that the penalties were computed on the basis of the additional income reported on the amended returns, as adjusted. Such penalties were asserted under the provisions of § 293(b) of the Internal Revenue Code, 26 U.S.C.A. § 293(b).[1]

1. "§ 293. Additions to the tax in case of deficiency

"(a) Negligence. If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per

centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272(i), relating to the prorating of a defi-

In the Tax Court petitioner urged that in the absence of a determination by the Commissioner of a deficiency in tax, as that term is defined in section 271(a) of the Internal Revenue Code, 26 U.S.C.A., § 271(a),[2] the Commissioner is without authority to assert a fraud penalty in excess of 50 per centum of $164.25, the deficiency determined to be due for 1943 according to the deficiency notice. He also denied that he filed false and fraudulent income tax returns for the years in question. The Tax Court ruled that the Commissioner had authority to assert the fraud penalties and determined from the evidence presented that such penalties were properly asserted, since "petitioner knew in each year that he should report his gambling gains for income tax purposes just as he was reporting his other income, and that he intended to evade the income taxes imposed upon him by law when he deliberately failed to report any of his gambling gains for 1942 through 1945, and to report all of his gains from gambling for the years 1946 and 1947."

On this petition for review petitioner renews his contention that the definition of "deficiency" as set forth in section 271(a)(1) "governs the application of that term as found in section 293(b)" so that "the imposition of the 50 per cent penalty under section 293(b) is limited to 50 per cent of the total amount of the 'deficiency' as the term 'deficiency' is defined in Section 271(a) for the use in Chapter 1 of the Internal Revenue Code." Consequently, since at the time of the assertion of the fraud pen-

alty there was, because of the payment of the tax as shown to be due by the amended returns, no deficiency existing, as shown by the 90 day letter, except as to the sum of $164.25, the statute furnishes no support for the assertion of the fraud penalty in the sum of $19,231.49. The Commissioner argues, as found by the Tax Court, that "the total amount of the deficiency", as used in Section 293(b), supra, refers to the difference between the amount of tax shown to be due on the original return filed by the taxpayer and the amount found to be the legal tax liability for the year, whether this "total deficiency" will be made up of one or more deficiencies. It is further contended that the two sections of the statutes have different purposes,—Section 271(a) to provide a basis of jurisdiction for determination of deficiency by the Tax Court, and Section 293(b) representing a penalty provision applicable to the entire or total deficiency as an addition to the tax.

■ The Tax Court has had the same point here presented before it for determination upon several occasions.[3] The petitioner, though strenuously contesting their correctness, concedes that these several decisions have rejected the construction of the statute which he argues. In each of them the Tax Court has held that the terms of Section 293(b) require that the 50 per cent fraud penalty be computed upon the total deficiency as therein provided, and that this total deficiency is the difference between the amount of the true tax liability as finally ascertained and the

ciency, and of section 292, relating to interest on deficiencies, shall not be applicable.

"(b) Fraud. If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d) (2)."

2. "§ 271. Definition of deficiency

"(a) In general. As used in this chapter in respect of a tax imposed by this chapter, 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) The amount of rebates * * * made."

3. McLaughlin v. Commissioner, 29 B.T.A. 247; Wilson v. Commissioner, 7 T.C. 395; Hirschman v. Commissioner, 12 T.C. 1223; Sherin v. Commissioner, 13 T.C. 221; Eck v. Commissioner, 16 T.C. 511.

amount disclosed on the return and that the language of Section 271(a) neither requires nor authorizes a construction of Section 293(b) which would restrict its applicability to the deficiency ascertained under Section 271(a) instead of to the total deficiency as provided in Section 293(b). The petitioner for review has not convinced us of any substantial error in these rulings of the Tax Court. So far as we are aware the rulings of the Commissioner to this effect have been uniform and whenever questioned the Tax Court has upheld this construction. It is an entirely permissible one and we see no reason to overturn it. The chief difficulty arises from the fact that the definitive Section 271(a) itself contains, as one of the elements of definition, the term defined. This is well calculated to cause confusion. Thus, in defining deficiency "as used in this chapter in respect of a tax imposed by this chapter" the section, in clause (B), refers to "a deficiency". In this view of the matter the definition can be said to contemplate an antecedent deficiency which is to be included, in applicable circumstances, in the deficiency which the statute defines. Thus, it can well be said that this statute contemplates more than one deficiency although Section 271(a), evidently relating to the assessment and collection of the true tax, refers to that portion of such tax which is unpaid. However, Section 293(b) provides a penalty, or "additions to the tax", computed not upon "any part of any deficiency" but upon "the total amount of the deficiency". This latter is, we believe, the sum total of the deficiency referred to in clause (B) and the deficiency otherwise defined by the remaining provisions of Section 271(a). In this view of the matter we can not, and do not, impute to Congress by the enactment of Section 271(a) an intention to change the effect of Section 293(b) which it had admittedly provided theretofore.

The application which we have given provisions of Section 271(a) evidence the rejection of petitioner's contention that Treasury Regulation 111, Section 29.271–1, supplementing Section 271 which provides that "additional tax shown on an 'amended return', so called, filed after the due date of the return for the taxable year, is a deficiency within the meaning of the Code", is in conflict with the statute. The question before us for determination is not whether the additional tax shown by the amended return was properly assessed and collected, but rather whether, under the circumstances of this case to which we have referred, the Commissioner was authorized to assert, and the Tax Court to uphold the assertion of, fraud penalties. We hold that the Commissioner was so authorized and the Tax Court did not err in so holding.

■ Nor can petitioner complain of the failure of the Commissioner to include the amount of the additional tax reported on the amended returns in the deficiency notice. Nothing contained in the statute requires this be done. It is necessary only that the penalty be assessed, collected, and paid "in the same manner as if it were a deficiency." See McLaughlin v. Commissioner, supra.

■ No useful purpose would be served to recite the evidence at length. It presents a situation where the taxpayer admits that he intentionally understated his income, but denies that such understatement was made with fraudulent intent to evade the payment of his taxes. The Tax Court considered petitioner's explanation of his failure to properly report the income in the first instance, but regarded it as unconvincing. On the record as a whole, the Tax Court determined that the Commissioner sustained the burden of proving that the deficiencies were due to fraud with intent to evade the tax. 26 U.S.C.A. § 1112. This decision is not without factual support in the record. In this case, unlike that of Mitchell v. Commissioner, 5 Cir., 118 F.2d 308, an examination of the findings and opinion of the Tax Court leave no doubt that that Court found and determined that the petitioner knew of the falsity of the returns and made them with the specific purpose of evading a tax which he knew should be returned and paid.

The decision of the Tax Court is affirmed.