JOSÉ RAMÓN QUIÑONES, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 11204. Argued July 6, 1954.—Decided August 10, 1954.

*José Trías Monge, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for appellant. *J. J. Ortiz Alibrán* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On September 3, 1950, the Treasurer of Puerto Rico, now Secretary of the Treasury, notified plaintiff-appellee of certain income-tax deficiencies for the years 1940 to 1946 inclusive. These deficiencies were due to the fact that the Treasurer (1) increased the gross income shown on the taxpayer's return and disallowed certain deductions claimed; (2) disallowed the credits claimed as head of family and for dependents, and (3) assessed a penalty of 5 per cent of the total amount of the tax deficiency notified for each year.

The taxpayer appealed to the former Tax Court and at a pre-trial conference the controversy was practically ironed out when plaintiff agreed to desist from some of the items in dispute and the defendant to accept some and compromise others, with the exception of the assessment of the penalty of 5 per cent.[1] A hearing was held on the latter and, after evidence was offered by both parties, the lower court held as follows:

"In computing the penalty of 5 per cent the Secretary of the Treasury shall exclude that part of the tax which represents the disallowance of the loss in stock in the year 1940 amounting to $5,077.50, as well as that part of the tax represented by the items admitted by the Secretary of the Treasury pursuant to the Order of November 5, 1952, although in a lesser amount than the original claim.

"The penalty of 5 per cent shall be assessed on the other deficiencies."

---

[1] As an example of the manner in which the different items were disposed of at the pre-trial hearing, we quote below from the appendix of appellant's brief what took place as to the year 1940:

I—Income Increases and Disallowed Deductions

1940

(a) Increase in Gross Income Shown on Return
   (1) Income                                          $646.42
       The defendant consented to its elimination.
(b) Deductions Claimed in the Return and Disallowed
       by the Secretary of the Treasury.
   (1) Automobile Expenses                           $1,200.00
       Compromised. A deduction of $750 was allowed
       and one of $450 disallowed.

The court further stated that "there are not sufficient facts to show that plaintiff was guilty of intentional disregard of the rules or of negligence" as to those items on which the penalty was not assessable. The court thus dismissed the Treasurer's contention that if any of the items involved in a particular year warrant the assessment of a penalty of 5 per cent, such penalty should be computed on the total amount of the tax deficiency for that year. The only assignment made by appellant is the following:

"The Superior Court of Puerto Rico erred in construing § 58(a) of the Income Tax Act, and in holding that the penalty of 5 per cent of the total amount of the tax deficiency provided in that Section is not assessed on the total amount of the tax deficiency determined on the basis of all items in controversy, but only on the tax deficiency which may result from the items in controversy whose omission or inclusion in the return is due to taxpayer's negligence."

The error was committed. Section 58 which appears under the heading "Additions to the Tax in Case of Deficiency" of our Income Tax Act, reads as follows:

"Section 58.—(a) *If any part of any deficiency* is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum *of the total amount of the deficiency* (in addition to such deficiency) shall be assessed, collected and paid in the same manner as if it were a deficiency, except that the provisions of subdivisions (e) and (f) of § 57 shall not be applicable.

"(b) *If any part* of any deficiency is due to fraud with intent to evade tax, then 50 per centum *of the total amount of*

| | | |
|---|---|---|
| (2) Depreciation | | $174.45 |
| Desisted by plaintiff. | | |
| (3) Repairs | | $529.12 |
| Compromised. A deduction of $365.79 was allowed and one of $163.33 disallowed. | | |
| (4) Loss in Sale of Stock | | $5,077.50 |
| Desisted by plaintiff. | | |
| (5) Traveling expenses to U. S. | | $350.00 |
| Defendant allowed its deduction. | | |

Items which were compromised by the parties are shown in all the years in litigation. If the holding of the lower court is correct, the assessment of the penalty of 5 per cent on those items would not be proper.

*the deficiency* (in addition to such deficiency) shall be so assessed, collected and paid, in lieu of the 50 per centum addition to the tax provided in § 70." (Italics ours.)

The legal precept above quoted is clear. Subdivision (*a*) thereof provides that *if any part* of any deficiency is due to negligence or intentional disregard of the rules and regulations but without intent to defraud, *5 per centum of the total amount of the deficiency* (in addition to such deficiency) shall be assessed, collected and paid.[2] Subdivision (*b*) provides that *if any part* of any deficiency is due to fraud with intent to evade tax, then 50 per centum "*of the total amount of the deficiency*" shall be so assessed, collected and paid. For the assessment of the corresponding penalty on the total amount of the deficiency to be proper, it is necessary under both subdivisions that part of the deficiency be due to negligence or intentional disregard of the rules and regulations, or to fraud, as the case may be. In other words, regardless of whether part of the deficiency is due to negligence or to intentional disregard of the rules and regulations, or whether part of the deficiency is due to fraud with intent to evade the tax, the assessment of the corresponding penalty (5 per cent or 50 per cent) on the total amount of the deficiency is in order. The principle is the same under either subdivision of § 58, *supra*. This Section of our statute is equivalent to § 293 of the Federal Income Tax Act, 26 U.S.C.A. 293. There is no difference in the language of both Sections as to the problem involved herein.[3] The Federal Act has been construed in the same manner as we now construe ours.

"Amount of Penalty.—The amount of the negligence penalty is 5 per cent of the entire deficiency regardless of how

---

[2] The total amount of the deficiency, for present purposes, is none other than that determined by the lower court.

[3] Section 293 of the Federal Act textually provides:

"Sec. 293. Additions to the Tax in Case of Deficiency.

"(*a*) *Negligence*. If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition

much or how little of the deficiency was due to negligence." (Prentice Hall, *Federal Tax Service,* Vol. 3, p. 19,135.)

"The petitioner's contention that the negligence penalty should attach only to such part of the deficiency as is directly attributable to negligence is fully met by the provisions of § 250(b) [4] of the Revenue Act of 1921, wherein it is provided that if any part of the deficiency is due to negligence, there shall be added as part of the tax 5 per centum of the 'total amount of the deficiency in tax.' " *Kennedy* v. *C.I.R.,* 16 B.T.A., 1372, 1390.

As to the fraud penalty, the Federal statute has been construed in identical manner, namely, that if any part of any deficiency is due to fraud with intent to evade tax, then 50 per cent of the entire deficiency shall be so assessed. *Johnson* v. *United States,* 39 F. Supp. 103, 108; *Duffin* v. *Lucas,* 55 F. 2d 786; *Mauch* v. *C.I.R.,* 113 F. 2d 555; *Middleton* v. *C.I.R.,* 200 F. 2d 94, followed in *Eck, Karlan and Perrucci* v. *C.I.R.,* (1953), 202 F. 2d 751; *Maitland A. Wilson* v. *C.I.R.,* 7 T. C. 395; *Hirschman* v. *C.I.R.,* 12 T. C. 1223.

In view of the foregoing, the judgment will be reversed and the case remanded to the trial court for further proceedings not inconsistent with this opinion.

Mr. Justice Sifre did not participate herein.

---

to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency except that the provisions of Section 272(i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

"(b) *Fraud.* If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in Section 3612(d)(2)." (Code of Federal Regulations of the United States of America, Cum. Supp., Book 5, Part 1, p. 6437.)

[4] The language of the old § 250(b) of the Revenue Act of 1921 is similar to that of § 293(a) of the Federal Income Tax Act in force. Said Section 250(b) provided:

"....If any part of the deficiency is due to negligence or intentional disregard of authorized rules and regulations with knowledge thereof, but without intent to defraud, there shall be added as part of the tax 5 per centum of the total amount of the deficiency...."