JOSÉ RAMÓN QUIÑONES, demandante y apelado, *v.* SECRETARIO DE HACIENDA, demandado y apelante.

Número 11204.

*Sometido:* 6 de julio de 1954. *Resuelto:* 10 de agosto de 1954.

*Hon. Secretario de Justicia José Trías Monge* y *José A. García Malpica, Procurador Auxiliar,* abogados del apelante; *J. J. Ortiz Alibrán,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 3 de septiembre de 1950 el Tesorero de Puerto Rico, hoy Secretario de Hacienda, notificó al demandante-apelado deficiencias de contribución sobre ingresos para los años 1940 al 1946, ambos inclusive. Estas deficiencias se debieron a que el Tesorero (1) aumentó el ingreso bruto declarado en planilla por el contribuyente y rechazó ciertas deducciones re-

clamadas; (2) rechazó los créditos reclamados como jefe de familia y por dependientes; y (3) impuso una penalidad de 5% del total de la deficiencia contributiva notificada para cada año.

El contribuyente se querelló ante el anterior Tribunal de Contribuciones y en una conferencia con antelación al juicio la controversia quedó prácticamente resuelta al desistir el demandante de algunas de las partidas en litigio, allanarse el demandado a otras y transigir las demás, excepto aquélla relacionada con la imposición de la penalidad de un 5%. (1)   Respecto a ésta se celebró una vista y luego de practicarse prueba por ambas partes, la corte a quo resolvió lo siguiente:

"Al computar la penalidad de 5% el Secretario de Hacienda deberá excluir aquella parte de la contribución que representa el rechazo de la pérdida en acciones para el 1940 en la suma de $5,077.50; así como aquella parte de la contribución representada por las partidas en que de acuerdo con la Orden de 5 de noviembre de 1952, el Secretario de Hacienda aceptó las mismas,

(1) Como ejemplo de la forma en que las distintas partidas fueron resueltas en la conferencia con antelación al juicio, transcribimos a continuación del apéndice del alegato del apelante, lo ocurrido con el año 1940.

"I—Aumentos al Ingreso y Deducciones
Rechazadas
Año 1940

"(a) Aumentos al Ingreso Bruto Declarado en Planilla.
  "(1) Rentas.................................. $646.42
       "El demandado se allanó a su eliminación.
"(b) Deducciones Reclamadas en Planilla y Rechazadas por el Secretario de Hacienda.
  "(1) Gastos de Automóvil.................... $1,200.00
       "Transigida.  Se concedió una deducción de $750.00 y se rechazó $450.00.
  "(2) Depreciación........................... $174.45
       "Desistida por el demandante.
  "(3) Reparaciones .......................... $529.12
       "Transigida.  Se concedió deducción por $365.79 y se rechazó $163.33.
  "(4) Pérdida en Venta de Acciones............ $5,077.50
       "Desistida por el demandante.
  "(5) Gastos de Viaje a EE. UU............... $350.00
       "El demandado se allanó a su concesión."

En todos los años en litigio figuran partidas que fueron transigidas por las partes.  De ser correcto lo resuelto por la corte a quo, no procedería la imposición de la penalidad del 5% sobre dichas partidas.

aunque en cantidad menor de lo originalmente reclamado.

"Sobre las demás deficiencias debe quedar en pie la penalidad del 5%."

Dijo además la corte que en cuanto a las partidas sobre las cuales no debía imponerse la penalidad "no hay hechos suficientes demostrativos de que el demandante incurrió en ignorancia intencional de las reglas o en negligencia". En esta forma desestimó la contención del Tesorero al efecto de que si cualquiera de las partidas envueltas en un determinado año justifica la imposición del 5%, dicha penalidad debe computarse sobre el agregado total de la contribución en deficiencia para dicho año.

El apelante señala como único error, el siguiente:

"El Tribunal Superior de Puerto Rico cometió error al interpretar la sec. 58 (a) de la Ley de Contribuciones sobre Ingresos y resolver que la penalidad del 5% del total de la deficiencia contributiva provista en dicha sección de ley no se impone sobre el agregado total de la deficiencia contributiva determinada como resultado de todas las partidas o renglones en controversia, sinó únicamente sobre la deficiencia contributiva que resultare de aquellas partidas o renglones en controversia cuya omisión o inclusión en planilla se deba a negligencia del contribuyente."

El error fué cometido. Bajo el título de "Adiciones a la Contribución en caso de Deficiencia" figura en nuestra Ley de Contribuciones sobre Ingresos, la sec. 58, cuyo texto es como sigue:

"Sección 58.— (a) *Si una parte de cualquier deficiencia* fuere debida a negligencia o a ignorancia intencional de las reglas y reglamentos, pero sin la intención de defraudar, se impondrá, cobrará y pagará en la misma forma que si se tratara de una deficiencia, el 5 por ciento *del total de la deficiencia* (además de ésta) con la excepción de que las subdivisiones (e) y (f) de la sección 57 no serán aplicables.

"(b) *Si una parte* de cualquier deficiencia se debiere a fraude para evadir la contribución, entonces el 50 por ciento *del montante total de la deficiencia* (además de ésta) será impuesto, cobrado y pagado en vez de la adición del 50 por ciento que dispone la sección 70." (Bastardillas nuestras.)

El precepto legal transcrito es claro. La subdivisión (*a*) del mismo dispone que *si una parte* de cualquier deficiencia fuere debida a negligencia o a ignorancia intencional de las reglas o reglamentos, pero sin la intención de defraudar, se impondrá, cobrará y pagará *el 5% del total de deficiencia* (*además de ésta*). (²) La subdivisión (*b*) dispone que *si una parte* de cualquier deficiencia se debiere a fraude para evadir la contribución se impondrá, cobrará y pagará el 50% "*del montante total* de la deficiencia". Bajo ambas subdivisiones basta, para que proceda la imposición de la penalidad correspondiente sobre la totalidad de la deficiencia, que una parte de dicha deficiencia se deba a negligencia o ignorancia intencional de las reglas y reglamentos o a fraude, según sea el caso. En otras palabras, no importa qué parte de la deficiencia se deba a negligencia o a ignorancia intencional de las reglas y reglamentos, o qué parte de la deficiencia se deba a fraude para evadir la contribución, procede la imposición de la penalidad correspondiente (5% o 50%) sobre la totalidad de la deficiencia. El principio es el mismo bajo una u otra subdivisión de la citada sec. 58. Esta sección de nuestro estatuto equivale a la sección 293 de la Ley Federal de Contribuciones sobre Ingresos, 26 U.S.C.A. 293. No hay diferencia de lenguaje en ambas secciones en lo que respecta al problema aquí envuelto. (³) La ley federal ha sido interpretada en la misma forma que interpretamos ahora la nuestra.

---

(²) El total de la deficiencia, a los fines de un caso como el presente no es otro, que el determinado por el tribunal a quo.

(³) La sec. 293 de la ley Federal, en su texto inglés, dispone:

"Sec. 293.—Additions to the Tax in Case of Deficiency.

"(a) *Negligence.* If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

"Total de la Multa.—El total de la multa por negligencia es 5% de toda la deficiencia no empece qué parte de la deficiencia es debida a negligencia." (P-H, Fed. Tax Serv., vol. 3, pág. 19, 135).

"La contención del peticionario en el sentido de que la multa por negligencia se aplicará solamente a aquella parte de la deficiencia atribuíble directamente a negligencia es contradicha por las disposiciones de la sec. 206 (b) ($^4$) de la Ley de Rentas de 1921, donde se dispone que si alguna parte de la deficiencia se debe a negligencia, se añadirá como parte de la contribución 5 por ciento de 'la suma total de la deficiencia en contribuciones'." *Kennedy* v. *C.I.R.*, 16 B.T.A., 1372, 1390.

En lo que respecta a la penalidad por fraude el estatuto federal ha sido interpretado en forma idéntica, o sea, que si una parte de la deficiencia se debe a fraude para evadir la contribución, la penalidad es de un 50 por ciento del monto total de la deficiencia. *Johnson* v. *United States*, 39 F. Supp., 103, 108; *Duffin* v. *Lucas*, 55 F.2d 786; *Mauch* v. *C.I.R.* 113 F.2d 555; *Middleton* v. *C.I.R.*, 200 F.2d 94, seguido en los casos de *Eck, Karlan y Perrucci* v. *C.I.R.*, (1953), 202 F.2d 750; *Maitland A. Wilson* v. *C.I.R.*, 7 T.C. 395; *Hirschman* v. *C.I.R.*, 12 T.C. 1223.

*Por las razones expuestas, la sentencia apelada será revocada y el caso se devolverá a la corte sentenciadora para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Sr. Sifre no intervino.

---

"(b) *Fraud.* If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2)." (*Code Fed. Regs. of the United States of America, Book* 5, pág. 6437.)

($^4$) El lenguaje de la antigua sec. 250 (b) de la Ley de Rentas de 1921, es similar al de la sec. 293 (a) de la vigente Ley Federal de Contribuciones sobre Ingresos. La indicada sec. 250 (b) disponía:

"Si alguna parte de la deficiencia se debe a negligencia o a la ignorancia intencional de las reglas y reglamentos autorizados a sabiendas, pero sin la intención de defraudar, se añadirá como parte de la contribución 5 por ciento de la suma total de la deficiencia en la contribución."