Herbert C. Broyhill v. Commissioner.
Broyhill v. Commissioner
Docket No. 5765-64.
United States Tax Court
T.C. Memo 1968-25; 1968 Tax Ct. Memo LEXIS 272; 27 T.C.M. (CCH) 117; T.C.M. (RIA) 68025; February 14, 1968. Filed Albert J. O'Connor, for respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The *273 respondent determined income tax deficiencies and additions to tax as follows: Additions to Tax
Sec. 293(b)
IRC 1939 or
Taxable
Sec. 291(a)
Sec. 293(a)
Sec. 6653(b)
Sec. 294(d)
Year
Deficiency
IRC 1939
IRC 1939
IRC 1954
IRC 1939
1951
$3,244.24
$ 811.06
$2,251.57
$397.98
1952
2,466.90
616.73
$123.35
214.74
1953
7,015.76
1,753.94
4,404.40
651.74
1954
2,629.13
1,779.16
193.99
1955
9,276.13
7,119.10
No appearance was entered by or on behalf of the petitioner at the trial and the respondent accordingly filed a motion to dismiss the case for failure to prosecute, insofar as it relates to the income tax deficiencies and to the various additions to tax determined in the notice of deficiency, with the exception of the additions to tax for fraud under section 293(b) of the Internal Revenue Code of 1939 and section 6653(b) of the 1954 Code, and to enter decisions in the amounts determined by the respondent. However, the respondent later conceded that assessment and collection of the deficiency and additions to tax for the taxable year 1952 are barred by the statute of limitations. The respondent's *274 motion is granted except as to the taxable year 1952, and for that year decision will be entered for the petitioner. The only issue remaining for decision is whether the petitioner is liable for the additions to tax under section 293(b) of the 1939 Code for the taxable years 1951 and 1953 and under section 6653(b) of the 1954 Code for the taxable years 1954 and 1955. This depends upon whether any part of any deficiency in tax for the taxable years 1951 and 1953, or any part of any underpayment of tax for the taxable years 1954 and 1955, is due to fraud. At the trial the respondent adduced testimony and other evidence upon the basis of which we find the facts set forth hereinafter. Findings of Fact During the taxable years involved herein the petitioner resided in Arlington, Virginia. At the time the petition herein was filed, he resided in Titusville, Florida. During at least a part of each taxable year involved herein the petitioner was employed in the estimating department of M. T. Broyhill & Sons, a construction firm. During the taxable years 1954 and 1955 he was also associated with Broyhill Supply Company. He had had some training in accounting, having taken a correspondence *275 course in accounting and having been employed as an accountant with the Reconstruction Finance Corporation for a short time. On October 22, 1951, the petitioner and his wife filed a joint Federal income tax return for the taxable year 1950 with the district director of internal revenue, Richmond, Virginia. Therein the petitioner reported as gross income an amount of $1,937.47 as wages received from M. T. Broyhill and Sons. Attached to such return was a withholding statement from that company showing that such amount had been paid to petitioner and that Federal income tax of $27.30 had been withheld therefrom. Sometime in 1956, or prior thereto, an internal revenue agent was assigned to investigate the petitioner's Federal income tax liability for the taxable year 1954. The petitioner told the agent he had filed with the district director at Richmond, Virginia, a Federal income tax return for the taxable year 1954 on or about March 1, 1955. Sometime in August 1956, he furnished the Internal Revenue Service with a form 1040 for 1954 which purports to have been executed by the petitioner and his wife on February 1, 1955, which he told the agent was a copy of the return he had filed *276 on or about March 1, 1955. Such form shows gross income of $10,000, deductions and exemptions of $4,732, and taxable income of $5,268. Attached to such form were withholding statements from M. T. Broyhill and Sons showing wages of $10,000.08 paid to 119 the petitioner in that year and Federal income tax withheld of $1,411.20. In March 1957 another revenue agent was assigned to investigate the petitioner's tax liability for the taxable years 1951 through 1955. In May 1957 the petitioner told this agent that he had filed Federal income tax returns for the taxable years 1951 through 1955 with the district director, Richmond, Virginia. During the course of the investigation the petitioner showed the agent a communication which he had received from his accountant advising him that he should report as income from Wakefield Development Co. for the taxable year 1955 the amount of $10,144.71. On May 10, 1957, a special agent assigned to investigate the petitioner's tax liability for the taxable years 1951 through 1956 contacted the petitioner. On May 19, 1957, the petitioner told the special agent that he had filed returns for the taxable years 1951 through 1955 with the district director, *277 Richmond, Virginia. In 1960 a criminal information was filed against the petitioner in the United States District Court for the Eastern District of Virginia, Richmond, Virginia, charging that he had received gross income in the taxable years 1955 and 1956 in the respective amounts of $28,719.95 and $32,879.60 and that he willfully and knowingly failed to file Federal income tax returns for those years in violation of section 7203 of the Internal Revenue Code of 1954. On April 5, 1960, the petitioner pleaded guilty to the offenses charged in the information and was sentenced to 12 months in jail on each of the two counts, the sentences to run concurrently. On April 5, 1960, the petitioner filed with the district director, Richmond, Virginia, individual Federal income tax returns for the taxable years 1951 through 1955. In such returns the petitioner reported the following: 1951
1952
Salary - M. T. Broyhill & Sons
$6,474.74
$10,385.10
Building Project *
2,958.32
Other payments by Company **
Partnership Income - Project 30 ***
Salary - Broyhill Supply Co
Other payments - Broyhill Supply Co.****
Gross Income
$9,433.06
$10,385.10
Deductions & Exemptions
4,240.82
14,738.96
Net (taxable) Income subject to tax
$5,192.24
($ 4,353.86)
Tax Liability
1,258.90
0
Credits: Withholding
Excess FICA
1954 Overpayment
Total Credits
0
0
Balance
$1,258.90
$ 0
*278 1953
1954
Salary - M. T. Broyhill & Sons
$10,500.08
$10,000.08
Building Project *
Other payments by Company **
1,317.00
Partnership Income - Project 30 ***
Salary - Broyhill Supply Co
Other payments - Broyhill Supply Co.****
1,998.11
Gross Income
$11,817.08
$11,998.19
Deductions & Exemptions
5,002.28
7,655.19
Net (taxable) Income subject to tax
$6,814.80
$ 4,343.00
Tax Liability
1,793.03
929.18
Credits: Withholding
1,567.20
1,411.20
Excess FICA
1954 Overpayment
Total Credits
$ 1,567.20
$ 1,411.20
Balance
$ 225.83
($ 482.02)
1955
Salary - M. T. Broyhill & Sons
$10,200.08
Building Project *
Other payments by Company **
Partnership Income - Project 30 ***
10,144.71
Salary - Broyhill Supply Co
9,000.00
Other payments - Broyhill Supply Co.****
Gross Income
$29,344.79
Deductions & Exemptions
13,851.00
Net (taxable) Income subject to tax
$15,493.79
Tax Liability
4,962.08
Credits: Withholding
3,411.20
Excess FICA
84.00
1954 Overpayment
482.02
Total Credits
$ 3,977.22
Balance
$ 984.86
*279 In the notice of deficiency the respondent determined that the petitioner had taxable income in excess of the amounts reported in each of the above returns. The amounts of taxable income which he determined for each of the taxable years 1951 through 1955 were, respectively, $15,979.45, $10,299.74, $22,917.41, $12,811.46, and $32,052.60. He determined that the tax liabilities for those years were in the respective amounts of $4,503.14, $2,466.90, $8,808.79, $3,558.31, and $14,238.21. He then determined a deficiency in tax for each of those years in the amount of the excess of the tax liability which he determined over the tax liability shown on each of such returns. He also determined additions to tax under section 293(b) of the Internal Revenue Code of 1939 for the taxable years 1951 and 1953 on the ground that part of the deficiency for each of those years was due to fraud, and also determined additions to tax under section 6653(b) of the Internal Revenue Code of 1954 for the taxable years 1954 and 1955 on the ground that part of the underpayment for each of those years was due to fraud. The additions to tax which he determined under those sections of the *280 Codes were 50 percent of the 120 tax liabilities determined for those years (not 50 percent of the deficiencies set forth in the notice of deficiency). The records of the district director of internal revenue, Richmond, Virginia, do not show any returns filed by the petitioner for the taxable years 1951 through 1955 except those filed on April 5, 1960. The records of the district director of internal revenue, Jacksonville, Florida, do not show any returns filed by the petitioner for the taxable years 1951 through 1955. The petitioner and his wife filed with the Commonwealth of Virginia joint Virginia State Resident Individual Income Tax Returns for the taxable years 1952 through 1955. On such returns they reported gross income, deductions and exemptions, and net income subject to the Virginia income tax as follows: 1952
1953
1954
1955
Gross Income
$10,385.10
$10,500.08
$10,000.00
$20,200.08
Deductions & Exemptions
4,274.00
2,700.00
5,373.00
13,051.00
Net Income
$ 6,111.00
$ 7,800.08
$ 4,627.00
$ 7,149.08
The state income tax return for the year 1952 was filed sometime after August 31, 1953, the return for 1953 was filed in October *281 1954, the return for 1954 was filed sometime after September 30, 1955, and the return for the year 1955 was filed in November 1956. Attached to the state income tax returns for the years 1953, 1954, and 1955 were statements filed with the state by M. T. Broyhill & Sons showing wages paid to the petitioner for those three years in the respective amounts of $10,500.08, $10,000.08, and $10,200.08, and Federal taxes withheld in the respective amounts of $1,567.20, $1,411.20, and $1,411.20. Also attached to the state income tax return for the year 1955 was a copy of a U.S. Treasury Department Form W-2 showing that in 1955 Broyhill Supply Co., Inc., paid the petitioner wages of $9,000 and withheld Federal tax thereon in the amount of $2,000. Also attached to the 1955 state income tax return was a state information return showing the payment by Wakefield Development Co., a partnership, to the petitioner of "Salaries, Wages, Commissions, Fees, Bonuses" of $11,151.63 in the period May 1, 1954, to April 30, 1955. Some part of the deficiency in tax for each of the taxable years 1951 and 1953 was due to fraud with intent to evade tax, and some part of the underpayment of tax for the taxable *282 year 1955 was due to fraud. Opinion The only issue remaining for decision is whether the petitioner is liable for additions to tax for fraud under section 293(b) of the Internal Revenue Code of 1939[1] for the taxable years 1951 and 1953, and additions to tax for fraud under section 6653(b) of the Internal Revenue Code of 1954[2] for the taxable years 1954 and 1955. *283 Upon the issue of fraud the burden of proof is upon the respondent. Section 1112 of the Internal Revenue Code of 1939 and section 7454 of the Internal Revenue Code of 1954. Fraud is never presumed, but must be shown by clear and convincing evidence. Archer v. Commissioner, (C.A. 5) 227 F. 2d 270, affirming a Memorandum Opinion of this Court; Bryan v. Commissioner, (C.A. 5) 209 F. 2d 822, affirming a Memorandum Opinion of this Court certiorari denied 348 U.S. 912; Frank Imburgia, 22 T.C. 1002; and W. A. Shaw, 27 T.C. 561. 121 During the course of the investigation by the Internal Revenue Service, the petitioner stated to the internal revenue agents that he had filed Federal income tax returns during each of the years 1951 through 1955. However, the only returns shown by the records of the Internal Revenue Service to have been filed by the petitioner for those years are the delinquent returns filed on April 5, 1960, which was after the petitioner had been investigated. Furthermore, we note that in none of the pleadings filed by the petitioner is it asserted that returns were filed for those *284 years prior to that date. And it is to be noted that on April 5, 1960, the petitioner pleaded guilty to a criminal charge of having willfully failed to file a Federal income tax return for the taxable year 1955. Under the circumstances, we conclude that no returns were filed for any of such years until April 5, 1960. In none of the pleadings filed by the petitioner is there any statement of the reason for failure to timely file such returns. In the returns which the petitioner filed on April 5, 1960, for the taxable years 1951, 1953, 1954, and 1955 he reported that he had received gross income in the respective amounts of $9,433.06, $11,817.08, $11,998.19, and $29,344.79, and therein showed tax liabiilties in the respective amounts of $1,258.90, $1,793.03, $929.18, and $4,962.08. In his reply to the respondent's answer, the petitioner, admitted that he was in receipt of the above amounts of gross income for the years in question, but denied he had received any greater amounts. Thus, the record affirmatively establishes that the petitioner was in receipt of substantial amounts of income for the taxable years 1951, 1953, 1954, and 1955 which he did not report until he filed the delinquent *285 returns in 1960. Furthermore, from the record it is clear that the petitioner knew during those years that he had income at least in those amounts, and that he was aware of the duty of filing returns. He had been actively engaged in business and had had training in accounting. He did file in October 1951, a Federal income tax return for the taxable year 1950, which of course indicates that he was aware of the requirement for the filing of returns. Also, throughout the years in question he filed Virginia state income tax returns showing receipt of substantially the same amounts of income as were later shown on his Federal income tax returns delinquently filed on April 5, 1960 (except that the state return for 1955 shows approximately $9,000 less gross income than was shown on the Federal return.) We think it clear that the petitioner willfully failed to timely file his returns for the years in question. It is well established that the addition to tax for fraud under section 293(b) of the 1939 Code and section 6653(b) of the 1954 Code may be imposed where there has been a willful attempt to evade tax by means of a willful failure to file returns, as well as by means of filing intentionally *286 false returns. Such a willful attempt to evade tax may be found from any conduct calculated to mislead or conceal. Fred N. Acker, 26 T.C. 107; Charles F. Bennett, 30 T.C. 114; Powell v. Granquist, (C.A. 9) 252 F. 2d 56; Cirillo v. Commissioner, (C.A. 3) 314 F. 2d 478, affirming in part a Memorandum Opinion of this Court; and Stoltzfus v. United States, (E.D.Pa.) 264 F. Supp. 824. While willful failure to file does not in itself, and without more, establish liability for an addition to tax on account of fraud, such failure may properly be considered in connection with other facts in deciding whether any deficiency or underpayment of tax is due to fraud. Cirillo v. Commissioner, supra. We think the evidence presented by the respondent is sufficient to meet his burden of establishing that some part of the deficiency in tax for each of the taxable years 1951 and 1953 and of the underpayment in tax for the taxable year 1955 was due to fraud. The petitioner's willful failure to file returns for those years and report and pay tax on the substantial amounts of income which he knew he received in those years, *287 coupled with his false statements to the revenue agents that he had filed returns for those years, convinces us that the petitioner intended to conceal such income and evade the tax with respect thereto. We accordingly hold that the petitioner is liable for additions to tax for the taxable years 1951 and 1953 under section 293(b) of the Internal Revenue Code of 1939 and for an addition to tax for the taxable year 1955 under section 6653(b) of the Internal Revenue Code of 1954. In so holding we have not relied to any extent upon any presumption in favor of the correctness of the respondent's determination of deficiencies in tax. It is our conclusion that the evidence presented is not sufficient to sustain the respondent's burden of proof with respect to fraud for the taxable year 1954. For that year the petitioner has in effect admitted tax liability of $929.18 by having filed a delinquent return showing that amount of tax 122 liability. The respondent has not affirmatively shown that the petitioner knew or that he should have known that he had additional income or had claimed improper deductions which would result in a greater tax liability. The delinquent *288 return shows, and the evidence establishes, that tax had been withheld for that year in an amount substantially greater than $929.18. Under such circumstances, we cannot conclude that it has been shown that for that year the petitioner had a fraudulent intent to evade tax. We accordingly hold that the petitioner is not liable for any addition to tax for that year under section 6653(b) of the Code. In his pleadings the petitioner asserts error in the action of the respondent in basing the 50 percent addition to tax for fraud on the full amount of the tax liability determined by him to be due, rather than upon the deficiency stated in the notice of deficiency computed by subtracting the tax liability shown on the delinquent returns from the full tax liabilities as determined by the respondent. Such action was not erroneous. It is well established that where no returns, except delinquent returns, are filed the deficiency or underpayment for purposes of section 293(b) of the 1939 Code and section 6653(b) of the 1954 Code is the correct tax due, rather than the excess of the correct tax over the tax shown on the delinquent returns. Middleton v. Commissioner, (C.A. 5) 200 F. 2d 94, *289 affirming a Memorandum Opinion of this Court $ ;:$ Charles F. Bennett, supra; Maitland A. Wilson, 7 T.C. 395; Cirillo v. Commissioner, supra; and section 6653(c)(1) of the 1954 Code, supra. Decision will be entered under Rule 50. Footnotes
*. Reported as income received by the petitioner from M. T. Broyhill & Sons from the settlement of his interest in an incomplete building project. ↩
**. Reported as "Other payments" to petitioner by M.T. Broyhill & Sons. ↩
***. This apparently represents payments made to petitioner by Wakefield Development Company, a partnership. ↩
****. Reported as bills paid by Broyhill Supply Co. and cash.↩
1. Section 293((b) of the 1939 Code provides as follows: Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d)(2). ↩
2. Section 6653 of the 1954 Code provides in part as follows: (b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * (c) Definition of Underpayment. - For purposes of this section, the term "underpayment" means - (1) Income, estate, and gift taxes. - In the case of a tax to which section 6211 (relating to income, estate, and gift taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing) * * *.↩