AARON HIRSCHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEON P. CLAIR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DAVID C. CLAIR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19338, 19339, 19340.   Promulgated June 30, 1949.

*Alfred Cerceo, Esq.*, for the petitioners.
*J. Richard Riggles*, Esq., for the respondent.

**OPINION.**

Arundell, *Judge*: The sole question presented herein is whether the respondent was correct in imposing, in respect to the tax of each petitioner for 1943, a 50 per cent addition to tax for fraud under section 293 (b) of the Internal Revenue Code.

It is undisputed that the original 1943 partnership return of Clair & Hirschman and the individual income tax returns of the petitioners filed in March 1944 failed to include income in the amount of $30,909. The amounts and sources of this income have been shown by the respondent and are not challenged by the petitioners. On November 6, 1944, petitioners learned that the respondent was investigating the tax returns of Morris Weisenfeld of Dallas, Texas, a customer of the petitioners. Three days thereafter, on November 9, 1944, petitioners filed an amended partnership return for 1943, disclosing the $30,909 omitted from the original return, and amended individual income tax returns reflecting the resulting increase in their distributive shares of partnership income for 1943. It is clear that the $30,909 omitted

from the partnership's income in 1943 largely represented sales made by the petitioners to Weisenfeld and that these sales had not been recorded on the partnership's books.

Petitioners did not appear at the hearing of this case and offered no testimony or other evidence in their own behalf. The only explanation of the failure to disclose the unreported $30,909 in their original returns is found in the testimony of respondent's agent, who stated that the petitioners admitted that the money was held back to enable them, as participants in a syndicate, to purchase scarce materials in the so-called "black market." Clearly, such a purpose would in no way relieve the petitioners of their duty to report their full income for Federal income tax purposes.

The uncontroverted facts produced by the respondent clearly support the conclusion that the petitioners willfully and fraudulently, with intent to evade tax, failed to report the true and correct partnership income for 1943 and their individual distributive shares thereof. Cf. *F. W. Lukins*, 3 B. T. A. 204.

Petitioners claim that the respondent has no legal basis for the imposition of the 50 per cent additions to tax for fraud, regardless of any finding of fraud which may be made in respect to their failure to report the $30,909 in their original returns.

Essentially, petitioners' contention is that the deficiency in income tax for 1943 assessed against each petitioner in the deficiency notice bears no relation to the $30,909 withheld from income on their original returns, but stems solely from the respondent's adjustment of deductions which were admittedly not fraudulently claimed. From this they conclude that no part of the deficiency asserted against each in the notice of deficiency is due to fraud, and submit that the respondent has no basis in section 293 (b) for imposing the additions to tax.

We are of the opinion that our holding in *Thomas J. McLaughlin*, 29 B. T. A. 247, disposes of the petitioners' contention. In that case the taxpayer failed to file an income tax return for each of the years 1924 to 1929, inclusive. A revenue agent subsequently prepared returns, which were executed by the taxpayer, and the taxes, delinquency penalties, and interest were paid. Thereafter, the taxpayer was indicted for fraud in each year and pleaded guilty in respect to the years 1927, 1928, and 1929. Deficiencies consisting only of additions to tax for fraud for the years 1927, 1928, and 1929 were sustained by this Court. In that case we held with respect to section 275 (b) of the Revenue Act of 1926 and section 293 (b) of the Revenue Act of 1928, which were in substance identical with section 293 (b) of the Internal Revenue Code, that:

These provisions, on their face, contain nothing that would require respondent to enforce penalties simultaneously with the assertion of a tax liability or forever

after prevent him from asserting a penalty liability. The statute treats the penalties as "additions to the tax" and the only requirements as to enforcement proceedings is that they shall be "assessed, collected, and paid, *in the same manner*" as if they were deficiencies.

It is obvious that, even if we are to accept petitioners' argument that the deficiency in tax assessed against petitioners stems only from the respondent's adjustment of the nonfraudulent deductions, the deficiency in tax due to the omission of $30,909 from the original returns was eliminated solely by virtue of the payment of tax accompanying the amended returns. However, the holding in the *McLaughlin* case indicates to us that the fact that the true tax liability of a fraudulent taxpayer has been discharged by the subsequent filing of an amended return and the payment of the tax due does not bar the respondent from assessing a deficiency consisting only of additions to tax for fraud. Therefore, it is of no importance that the deficiencies in income tax for 1943 sought to be recovered in the instant proceeding under petitioner's theory are attributed only to the nonfraudulent elements of their returns.

Petitioners further challenge the respondent's determination, arguing that in each case the only deficiency before the Court in these proceedings was the amount set forth in each deficiency notice and that the additions to tax assessed by the respondent in each case are in excess of 50 per cent of that amount. They claim that the difference between the tax reported in the original return and the amended return of each petitioner does not constitute a "deficiency" subject to the addition to tax imposed by section 293 (b)[1] and that the respondent erred in including that amount in the deficiency from which the additions to tax were computed.

Section 271 (a)[2] generally defines a deficiency as the difference between the tax liability and the amount shown on the return. Whatever doubt there might be as to the meaning of the term "deficiency" as used in section 293 (b) is dispelled by the decision of this Court in *Maitland A. Wilson,* 7 T. C. 395. In that case the taxpayer contended that the term "deficiency" as used in section 293 (b) means that part

---

[1] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.
* * * * * *

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2).

[2] SEC. 271. DEFINITION OF DEFICIENCY.

(a) IN GENERAL.—As used in this chapter in respect of a tax imposed by this chapter, "deficiency" means the amount by which the tax imposed by this chapter exceeds the excess of—

(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b) (2), made.

of the tax remaining unpaid as set forth in the notice of deficiency. In rejecting that argument we stated:

* * * it would seem that the phrase "total deficiency" as used in section 293 (b) where fraud is present can only mean the amount which is the difference between the tax liability and the amount shown on the return. The return referred to undoubtedly means the original return due at the times provided by law.

We also held that:

There is not the slightest indication in the history of section 271 (a) of the 1932 and 1934 Acts, in which the term "deficiency" is defined, that it was intended to change the existing scheme for imposing a fraud penalty and reduce the penalty imposed under prior laws by 50 per cent of the amount of the understatement in tax which had been paid prior to the discovery of the fraud or the assertion of a penalty. The construction for which petitioner argues would assume an intent on the part of Congress to relieve from any penalty a taxpayer, guilty of fraud, who, finding the collector had discovered his fraud, quickly filed an amended return and paid the tax before the deficiency notice could be mailed. [See also *Garden City Feeder Co.*, 27 B. T. A. 1132; reversed on other grounds, 75 Fed. (2d) 804.]

The Commissioner has held that the "additional tax shown on an 'amended return', so called, filed after the due date of the return for the taxable year, is a deficiency within the meaning of the Code." Regulations 111, sec. 29.271–1; Mim. 3428, 1926 C. B. V–1, p. 119. Cf. Mim. 3374, 1926 C. B. V–1, p. 118. Moreover, a taxpayer's return is to be dealt with as a whole; the deficiency may not be divided and different penalties applied to its various parts. *J. S. McDonnell*, 6 B. T. A. 685; see also Mertens, Law of Federal Income Taxation, sec. 55.14, vol. 10, p. 27.

As the deficiency subject to the 50 per cent addition to tax for fraud consists of the difference between the tax liability and the amount shown on the original return (*Maitland A. Wilson, supra*), and such additions to tax can be assessed regardless of the fact that a taxpayer may have paid the tax prior to the mailing of the deficiency notice (*Thomas J. McLaughlin, supra*), it follows that the petitioners are liable for the 50 per cent additions to the tax for fraud as determined by the respondent in the notice of deficiency.

Counsel for petitioners indicated at the hearing that he regarded the adjustment made by the respondent in the deductions claimed by petitioners to be in issue. The petition alleged no error in respect to these deductions and no evidence relating to such deductions was introduced at the hearing, nor were they discussed by the petitioners on brief. Therefore, the deficiencies and additions to tax as set forth in the notice of deficiency are sustained.

*Decisions will be entered for the respondent.*