OPINION. OppeR, Judge: With the limitation of Commissioner v. Wilcox, 327 U. S. 404, “to its facts,” Rutkin v. United States, 343 U. S. 130, nothing remains of petitioner’s contention in opposition to the deficiencies. His was not a case of embezzlement, but of participation in the proceeds of a fraud. Ruthin v. United States, supra. And the loss has been recovered by his victim and accepted by his accessory. Cf. Commissioner v. Wilcox, supra. Other proper or illicit sources of petitioner’s income may be dubious, but he hás scarcely even attempted to sustain his burden if he claims the deficiencies were not correctly arrived at. We find no error in this aspect of respondent’s action. On the fraud issue we are also compelled to sustain the determination. Petitioner was concededly in receipt of large sums which he failed to report as income without any satisfactory explanation. Although the burden is upon respondent on this aspect of the casé, we conclude that it has been sustained. Arlette Coat Co., 14 T. C. 751; Harry Sherin, 13 T. C. 221; Aaron Hirschman, 12 T. C. 1223. Decision will be entered for the respondent.