Clarence J. Reherman and Helen S. Reherman v. Commissioner.
Reherman v. Commissioner
Docket No. 47195.
United States Tax Court
T.C. Memo 1955-305; 1955 Tax Ct. Memo LEXIS 31; 14 T.C.M. (CCH) 1180; T.C.M. (RIA) 55305; November 9, 1955
Ernest Woodward, II, Esq., Kentucky Home Life Building, Louisville, Ky., for the petitioners. John L. Carey, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioners' income tax and additions *32 to the tax, as follows: 50%
25%
Year
Deficiency
penalty
penalty
1940
$ 3.96
$ 23.21
$11.61
1941
165.64
1942
979.50
489.75
1943
785.29
1944
1,806.28
1945
.90
2,311.00
1946
956.73
$984.36
$6,537.90
$11.61
The contested issues are (1) whether for each of the taxable years 1940 to 1946, inclusive, petitioners are liable for the fraud penalty under section 293(b) of the Internal Revenue Code of 1939; (2) whether for the taxable year 1940 petitioners are liable for the delinquency penalty under section 291 (a) of the Internal Revenue Code of 1939; and (3) whether for each of the taxable years 1940 to 1946, inclusive, the deficiencies are barred by the statute of limitations. Findings of Fact The stipulated facts are found accordingly. Petitioners are husband and wife and residents of Hardinsburg, Kentucky. They filed timely joint returns for the years 1941 to 1946, inclusive. On April 8, 1948, petitioners filed a delinquent joint return for 1940. All returns were filed with the collector of internal revenue for the district of Kentucky, at Louisville. Petitioner Clarence J. Reherman is a dentist and has practiced his *33 profession in Hardinsburg since graduating from the University of Louisville School of Dentistry in 1935. During the years of World War II, Dr. Reherman was the only dentist serving a rural area of approximately 2,000 square miles in and around Hardinsburg, and often worked 16 hours a day and over weekends and holidays. Prior to 1941 neither petitioner had ever attempted to make out a federal income tax return or had any experience therewith. Petitioners' original returns filed for the years 1941 to 1946, inclusive, were prepared by petitioner Helen S. Reherman, who, previous to her marriage to Dr. Reherman, had worked as a legal secretary for a period of 10 or 12 years. In addition to preparing the returns she maintained the books and papers for her husband's dental office. During the years in question three children were born to petitioners, each of whom suffiered from convulsive fits for a long while. Petitioner Helen S. Reherman's father and mother died in 1943 after long illnesses. Petitioner Clarence J. Reherman's father also died at about the same time. Domestic help was virtually unavailable and in addition to caring for their children and their parents petitioner Helen *34 S. Reherman did practically all of her cooking and laundry as well as house and yard work. Throughout the years involved petitioners traveled to Evansville, Indiana, which is approximately 75 miles from Hardinsburg, on the average of once or twice a month. During the taxable years 1941 to 1945, inclusive, petitioners purchased U.S. Savings Bonds, Series E, as follows: Year
Purchase price
1941
$ 375.00
1942
450.00
1943
525.00
1944
2,700.00
1945
450.00
In the taxable year 1942 petitioners purchased a frame house for $900, a frame duplex for $1,680.14, and a brick storeroom for $5,000. In the taxable year 1944 petitioners purchased a frame building for $2,880. During the taxable years 1944 to 1946, inclusive, petitioners purchased stocks as follows: Year
Amount
1944
$ 2,800.00
1945
14,224.57
1946
9,017.45
During the taxable years 1940 to 1946, inclusive, petitioners maintained a checking account in the Farmers Bank, Hardinsburg, Kentucky, and made aggregate deposits as follows: Year
Amount
1940
$ 2,757.56
1941
3,499.94
1942
5,290.20
1943
10,148.00
1944
13,323.50
1945
6,400.50
1946
5,427.00
During *35 the taxable year 1944 petitioners deposited $6,028.75 in the Peoples Savings Bank, Evansville, Indiana. During 1945 and 1946 petitioners deposited the respective amounts of $16,132.58 and $7,177.17 in four different banks in Evansville, Indiana. The following schedule for the taxable years 1940 to 1946, inclusive, shows the net income reported by petitioners on their original returns, the amended returns, and the agreed net income computed on the net worth basis: Agreed
Original
Amended
net worth
Year
return
return
computation
1940
$ 3,738.91
$ 3,838.91
1941
$ 1,967.86
5,098.02
5,098.02
1942
2,077.55
6,544.81
6,544.81
1943
1,997.32
8,673.45
8,557.57
1944
2,995.03
14,521.90
14,271.70
1945
3,082.69
16,774.05
16,532.00
1946
3,122.49
11,343.21
11,126.68
$15,242.94
$66,694.35
$65,969.69
The delinquent joint return for 1940 and the amended joint returns for 1941 to 1946, inclusive, were filed on April 8, 1948, subsequent to the date of the report of the revenue agent investigating petitioners' returns. The petitioners paid the tax shown on the amended returns with interest. The following schedule shows the business *36 expenses claimed by petitioners on their original and amended returns for the years 1942 to 1946, inclusive, and the resulting amount of understatement: Original
Amended
Under-
Year
return
return
statement
1942
$1,244.00
$1,532.57
$ 288.57
1943
1,925.00
2,137.75
212.75
1944
1,408.00
2,924.25
1,516.25
1945
1,938.08
3,262.68
1,324.60
1946
2,040.90
2,553.24
512.34
$3,854.51
The following schedule shows the personal deductions of petitioners on their original and amended returns for the taxable years 1943 to 1946, inclusive, and the resulting amount of overstatement: Original
Amended
Over-
Year
return
return
statement
1943
$ 820.68
$ 592.15
$ 228.53
1944
933.57
250.20
683.37
1945
1,020.81
243.85
776.96
1946
1,087.91
216.53
871.38
$2,560.24
The statutory notice of deficiency was mailed on February 6, 1953. The return for 1940, filed April 8, 1948, was not false or fraudulent with intent to evade tax. The petitioners have not shown that the failure to file a timely return was due to reasonable cause and not to wilful neglect. No part of the deficiency for the taxable year *37 1940 is due to fraud with intent to evade tax. The returns for 1941 to 1946, inclusive, were false and fraudulent with intent to evade tax. A part of the deficiency for each of the taxable years 1941 to 1946, inclusive, is due to fraud with intent to evade tax. Opinion LEMIRE, Judge: The principal issue presented is whether for each of the taxable years 1940 to 1946, inclusive, a part of the deficiency in petitioners' income tax is due to fraud with intent to evade tax. At the close of respondent's investigation of petitioners' income tax liabilities for the taxable years involved, petitioners, on April 8, 1948, filed an original joint delinquent return for 1940 and amended joint returns for each of the years 1941 to 1946, inclusive. Concurrently with the filing of such returns petitioners deposited with respondent an amount equal to the sum of tax liability as shown by the amended and delinquent returns. Petitioners concede that their correct net income for each of the years involved is properly computed on a net worth basis and is as shown on the net worth statement. The deficiencies of $3.96 and $.90 for the taxable years 1940 and 1945, respectively, arise out of the slight *38 differences in amounts of petitioners' tax liability as shown by their amended and delinquent returns and the net worth statement. The deficiency of $979.50 for the taxable year 1942 arises by reason of the fact that in their original and amended returns for 1942 and 1943 petitioners computed their income tax liability under the relief provisions of the Current Tax Payment Act of 1943, the benefit of which is not available to petitioners if they are liable for additions to the tax by reason of fraud. Respondent has determined that a part of the deficiency in petitioners' income tax for each of the years 1940 to 1946, inclusive, is due to fraud with intent to evade tax. The respondent relies upon the repeated substantial understatement of income as establishing fraud. The petitioners contend that the understatement was not due to any attempt to evade tax, but to a combination of existing circumstances, i.e., the press of professional duties, illness of the children, the death of parents, the inability to employ help, and the unfamiliarity with the preparation of returns as indicated by the failure to claim allowable deductions. The petitioners apparently have endeavored to orient *39 their situation to that of the physician in the case of Frank M. Wiseley v. Commissioner, 185 Fed. (2d) 263, reversing in part 13 T.C. 253, upon which they rely. We think the Wiseley case is so clearly distinguishable on its facts that it is not a controlling authority here. The record shows that both petitioners, as indicated by their testimony and demeanor while testifying, are above average in intelligence. Petitioner Clarence J. Reherman is a successful professional man, a graduate of dentistry, a course encompassing some six years of undergraduate and professional training. Petitioner Helen S. Reherman worked as a legal secretary for a period of 10 to 12 years prior to her marriage. In view of such background it can hardly be said that petitioners acted through ignorance in reporting the aggregate sum of $15,242.94 on their original returns for 1941 to 1946, inclusive, while having an admitted increase in net worth and incurring personal living expenses in the amount of $62,130.78. During that period petitioners purchased real estate and securities and maintained some five or six bank accounts. We are not persuaded that petitioners were unaware that *40 their actual income was substantially greater than the amounts reported. We think the respondent's showing that the petitioners consistently understated their income by more than 100 per cent in each of the taxable years 1941 to 1946, inclusive, has carried the burden of establishing that a part of the deficiency for such years was due to fraud with intent to evade tax. The payment of the taxes shown on the amended returns after the investigation by the revenue agent does not prevent the imposition of the additions to the tax for fraud. Aaron Hirschman, 12 T.C. 1223. The 50 per cent addition to the tax for fraud is sustained. For the taxable year 1940 petitioners failed to file a timely return. A delinquent return was filed April 8, 1948, reporting net income of $3,738.91. Petitioners' conceded net income is $3,838.91. The $100 increase results from the computation made on the basis of net worth. The deficiency is only $3.96. No evidence was presented to establish fraud for the year 1940 other than that petitioners had consistently understated their income in subsequent years. We think such evidence is insufficient. Accordingly, we hold that the respondent has not *41 established fraud as to the year 1940. The 50 per cent addition to the tax for fraud is disallowed. Finally, petitioners raise the bar of the statute of limitations as to each taxable year. The deficiency notice was not mailed until February 6, 1953. Since we have found that the return for 1940, filed April 8, 1948, was not false or fraudulent with intent to evade tax, the assessment and collection of the tax and penalties for that year is barred by the period of limitations prescribed by section 275(a), Internal Revenue Code of 1939. Since we have found that the returns for each of the taxable years 1941 to 1946, inclusive, were false and fraudulent with intent to evade tax, the 50 per cent additions to the tax for fraud are not barred. Sec. 276(a), I.R.C. (1939). Decision will be entered under Rule 50.