THOMAS O. CHAPMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chapman v. Commissioner
Docket No. 28424-83.
United States Tax Court
T.C. Memo 1985-359; 1985 Tax Ct. Memo LEXIS 269; 50 T.C.M. (CCH) 461; T.C.M. (RIA) 85359; July 22, 1985. *269 Held: (1) P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954. (2) The United States is not entitled to an award of damages under sec. 6673, I.R.C. 1954, since the proceedings herein were not instituted or maintained primarily for delay, and P's position in such proceedings was not frivolous or groundless. Scott McLarty, for the petitioner. Willie Fortenberry and Gioele Settembrini, Jr., for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioner's Federal income tax for 1981 of $4,167.00 and an *270 addition to tax of $2,084.00 pursuant to section 6653(b) of the Internal Revenue Code of 1954. [1] After concessions, the issues for decision are: (1) Whether the petitioner is liable for the addition to tax for fraud under section 6653(b); and (2) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Thomas O. Chapman, was a legal resident of Tampa, Fla., at the time he filed his petition in this case. He submitted tax protestor type documents in lieu of a valid Federal income tax return for 1981. Prior to and during 1981, the petitioner worked as a crane operator. During 1981, he received wages totaling $20,788.03, and he received $315.00 from the Florida Department of Labor and Employment Security. The petitioner timely received Forms W-2 from each of his 1981 employers showing the wages paid to him. The documents which the petitioner submitted in lieu of a proper Federal income tax return for *271 1981 were prepared for him by a member of the Keystone Society, an organization that advocated that wages were not taxable income. At the time he submitted tax protestor documents in lieu of a proper tax return for 1981, the petitioner was a member of the Keystone Society. Such documents were typical of the documents submitted to the Internal Revenue Service by members of the Keystone Society. The documents submitted by the petitioner to the IRS in lieu of a proper tax return included: (1) A Form 1040 which claimed that he had received no wage income in 1981, (2) nine Forms W-2 which had been marked "incorrect," and (3) a document entitled "Affidavit" in which the petitioner stated that the amounts shown on the Forms W-2 were not includable as income. Attached to the "Affidavit" were eight documents entitled "Request for Corrected Form W-2 Wage and Tax Statement" which were allegedly sent to his 1981 employers in an attempt to have them change the amounts of wages on the original Forms W-2. During 1981, the petitioner submitted to his employers at least four Forms W-4 (Employee's Withholding Exemption Certificate) claiming to be exempt from withholding because he had been exempt *272 from Federal income tax in the previous year and expected to owe no Federal income tax for 1981. During 1980 and 1982, he also submitted to his employers Forms W-4 on which he claimed to be exempt from withholding. He continued to submit Forms W-4 which claimed that he was exempt from withholding until the IRS began to assert penalties against him for submitting false Forms W-4. Prior to 1981, the petitioner filed proper Federal income tax returns which reported as income the amounts that he received in those years as wages. In his notice of deficiency, dated July 10, 1983, the Commissioner determined that the petitioner had received $20,788.03 in taxable wages and $315.00 in unemployment compensation during 1981. He allowed the petitioner no deductions; he did allow the petitioner one exemption. The Commissioner also determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for 1981. The petitioner filed his petition on October 4, 1983. On October 5, 1983, he signed an amended Federal income tax return for 1981. The petitioner's amended 1981 income tax return was received by the IRS on October 14, 1983. On such return, the petitioner *273 reported his wages and other taxable income. OPINION At the outset of the trial, the parties announced that they had agreed on the deficiency in this case. They agreed that the wages and other income received by the petitioner in 1981 were taxable; they also agreed that he was entitled to deductions for certain employee business expenses and other items. Thus, the first issue for decision is whether the petitioner is liable for the addition to tax for fraud. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969). The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, *274 mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). *275 The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the petitioner's submission of a tax protestor document in lieu of a proper Federal income tax return for 1981, as well as his submission to his employers of Forms W-4 that falsely claimed that he was exempt from Federal income taxation, are clear and convincing evidence that the petitioner fraudulently underpaid his income tax in 1981. See Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The tax returns that the petitioner filed for years prior to 1981 demonstrate that he was fully aware of his obligation to file returns that correctly reported his income tax liability. His failure to file proper returns for 1981 was no oversight, nor was it due to negligence; *276 it was part of a course of conduct designed to evade the payment of taxes that he knew, or should have known, were owed by him. The petitioner contends that he should not be held liable for the addition to tax for fraud for 1981 because during 1982 he came to realize that the positions advocated by the Keystone Society were not correct. The petitioner testified that he joined the Keystone Society in April 1982 and that he realized that the positions advocated by that organization were incorrect in August 1982. Thus, he argues that the addition to tax for fraud is not appropriate in the present case since he was a member of the Keystone Society for only 4 months. In the first place, the determination of whether there was fraud is based on the circumstances at the time of the underpayment; it is immaterial if the taxpayer subsequently changes his mind. Bennett v. Commissioner,30 T.C. 114, 122-123 (1958); Hirschman v. Commissioner,12 T.C. 1223, 1228-1230 (1949). Moreover, the record does not support the petitioner's assertion that he was a Keystone Society member for only 4 months. The petitioner's testimony and his wife's testimony were the *277 only evidence presented as to when the petitioner joined the Keystone Society. We know that the petitioner adhered to the positions advocated by the Keystone Society in April 1982, since the documents originally submitted as the petitioner's 1981 return were prepared by a member of that organization. But, we also know that the petitioner submitted to his employers during 1981 numerous Forms W-4 falsely claiming that he was exempt from tax. In addition, the petitioner submitted false Forms W-4 in 1980 and 1982, and he continued submitting false Forms W-4 until the IRS began to assert penalties against him for submitting false Forms W-4. Such evidence strongly suggests that the petitioner adhered to tax protestor views for far longer than 4 months. The petitioner contends that he submitted false Forms W-4 in order to reduce the amount of withholding and that he did so because in prior years he had always been due a refund when he filed his tax returns. We do not have in evidence the petitioner's returns for prior years. However, even if such returns were in evidence and they showed that the petitioner had in fact been due refunds after he filed his returns for prior years, such *278 fact would not vitiate the petitioner's fraud in 1981. It is clear that for 1981 by means of his submission of false Forms W-4 and the submission of tax protestor documents in lieu of a proper return for that year, the petitioner intentionally and fraudulently underpaid his Federal income tax. In addition, although the petitioner testified that he came to realize that the views espoused by the Keystone Society concerning Federal income taxes were incorrect, he did not act upon such realization until he filed his amended income tax return for 1981. That return was signed by the petitioner on October 5, 1983, and received by the IRS on October 14, 1983, after the notice of deficiency in this case had been issued and after the petitioner had filed his petition. The petitioner's belated recognition of his obligation to file a proper return and his further belated filing of such return, simply do not support his contention that the underpayment of his income tax in 1981 was not due to fraud. For the foregoing reasons, we hold that the petitioner is liable for the addition to tax for fraud under section 6653(b) for 1981. The second issue for decision is whether the United States is *279 entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Although the petitioner was clearly a tax protestor when he submitted his purported tax return for 1981 and although he did not file a proper amended return until after he filed his petition in this case, there is insufficient evidence that these proceedings were instituted or maintained by the petitioner primarily for delay or that the petitioner's position in these proceedings was frivolous or groundless. In his notice of deficiency, the Commissioner allowed the petitioner no deductions. The Commissioner subsequently agreed that the petitioner was entitled to a number of deductions. In addition, the petitioner in this case does not assert tax protestor arguments; he simply disputes his liability for the addition to tax for fraud. Accordingly, *280 we hold that the United States is not entitled to an award of damages under section 6673. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981, unless otherwise indicated.↩