JESSIE ELVIN EPPERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Epperson v. Commissioner
Docket No. 27753-83.
United States Tax Court
T.C. Memo 1985-382; 1985 Tax Ct. Memo LEXIS 257; 50 T.C.M. (CCH) 561; T.C.M. (RIA) 85382; July 29, 1985. *257 Held: (1) P's deductible transportation expenses determined. (2) P is liable for the addition to tax for fraud under sec. 6653(b), I.R.C. 1954. (3) The United States is not entitled to an award of damages under sec. 6673, I.R.C. 1954. Frederick W. Vollrath, for the petitioner. Keith H. Johnson and Willie Fortenberry, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $6,185.00 in the petitioner's Federal income tax for 1981 and an addition to tax of $3,093.00 pursuant to section 6653(b) of the Internal Revenue Code of 1954. [1] After concessions, the issues for decision are: (1) Whether the petitioner is entitled to a transportation expense deduction in 1981, and if so, in what amount; (2) whether the petitioner is liable for the addition to tax for fraud under section 6653(b); and (3) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated, and *259 those facts are so found. The petitioner, Jessie Elvin Epperson, was a resident of Seffner, Fla., at the time he filed his petition in this case. He filed tax protestor type documents in lieu of a proper Federal income tax return for 1981. During 1981, the petitioner worked as an ironworker at various jobsites outside of the area in which he lived. He traveled each day to the various jobsites by car, and each day, he returned home at the end of the workday. The following chart shows the jobsite, the number of days worked at that jobsite, the daily roundtrip mileage from the petitioner's home to the jobsite, and the total mileage incurred by the petitioner at each jobsite: Total number
Roundtrip
Total
Jobsite
of days
mileage
Mileage
New Wales
92
44
4,048
Palatka
26
300
7,800
St. Petersburg
43
30
1,290
Crystal River
37
160
5,920
Total
198
19,058
During 1981, the petitioner received wages totaling $23,686.41. He timely received from his employers Forms W-2 which showed the wages paid to him in 1981. Prior to 1981, the petitioner filed Federal income tax returns which reported his wages as income. During 1981 and 1982, he was *260 a member of the Keystone Society, an organization that advocated that wages are not taxable income. The documents that the petitioner submitted in lieu of a proper tax return for 1981 were prepared for him by the Keystone Society. On such documents, the petitioner did not report the wages that he received in 1981. During 1981 and 1982, the petitioner submitted Forms W-4 (Employee's Withholding Allowance Certificate) to many of his employers on which he claimed that he was exempt from Federal income tax withholding. In his notice of deficiency, the Commissioner determined that the petitioner had received $23,686 in unreported wages in 1981. He allowed the petitioner no deductions; he did allow the petitioner one exemption. In addition, he determined that the petitioner was liable for the addition to tax for fraud under section 6653(b) for 1981. The notice of deficiency also contained a statement informing the petitioner that wages are taxable income and that the position advocated by the Keystone Society was frivolous and groundless. Such statement further informed the petitioner that if he asserted frivolous and groundless positions in a Tax Court proceeding, the Commissioner *261 would seek an award of damages under section 6673. OPINION The first issue for decision is whether the petitioner is entitled to a transportation expense deduction in 1981, and if so, in what amount. Section 162 allows a taxpayer to deduct ordinary and necessary business expenses. On the other hand, personal, living, or family expenses are not deductible. Sec. 262. In Commissioner v. Flowers,326 U.S. 465, 470 (1946), the Supreme Court held that travel expenses are deductible under section 162(a) only if: (1) the expense is reasonable and necessary, (2) the expense is incurred while away from home, and (3) the expense is incurred in the pursuit of business. It is well settled that the cost of daily commuting is a nondeductible, personal expense under section 262. See, e.g., Commissioner v. Flowers,supra;Boone v. United States,482 F.2d 417, 419 (5th Cir. 1973); Sanders v. Commissioner,439 F.2d 296, 297 (9th Cir. 1971), affg. 52 T.C. 964 (1969). Such rule is based on the assumption that a taxpayer can live near the place where he works. If, for personal reasons, a taxpayer chooses to *262 live far from the place of employment, the resulting travel costs are nondeductible, personal expenses. For travel expenses to be deductible, "The job, not the taxpayer's pattern of living, must require the travel." Carragan v. Commissioner,197 F.2d 246, 249 (2d Cir. 1952), affg. a Memorandum Opinion of this Court. Some courts have made an exception to the general rule against the deductibility of commuting expenses and allowed a deduction for transportation expenses incurred by a taxpayer in traveling unusually long distances to a job that is temporary, as opposed to indefinite, in duration. See, e.g., Peurifoy v. Commissioner,358 U.S. 59, 60 (1958); Boone v. United States,supra at 419; Sanders v. Commissioner,supra at 298. While it is assumed that a taxpayer will live near the place of employment, it is not reasonable to expect people to move to a distant location when a job is foreseeably of limited duration. If, on the other hand, the prospect is that the work will continue for an indefinite or substantially long period of time, the travel expenses are not deductible. See Kasun v. United States,671 F.2d 1059, 1061 (7th Cir. 1982); *263 Boone v. United States,supra.
Determination of whether a job is temporary or indefinite is a factual question. Peurifoy v. Commissioner,358 U.S. at 61. We must examine all of the circumstances of the case. Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). When reviewing the facts, we must keep in mind that employment which was temporary may become indefinite if it extends beyond the short term. Also, employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time. See Boone v. United States,482 F.2d at 419 n.4. In the present case, it is clear that each of the petitioner's jobs was temporary, rather than indefinite. The petitioner introduced contemporaneous records that show where he worked during 1981 and how far each jobsite was from his home. However, not all of the petitioner's transportation expenses qualify for the exception to the general rule against the deductibility of commuting expenses. The New Wales and the St. Petersburg jobsites were clearly within the general area of the petitioner's residence and thus are not deductible. *264 Winn v. Commissioner,32 T.C. 220, 223-224 (1959). [2] Accordingly, we conclude that the petitioner has proven that he is entitled to a transportation expense deduction for 13,720 miles in 1981.
The second issue for decision is whether the petitioner is liable for the addition to tax for fraud for 1981. Section 6653(b) provides that if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year we due to fraud. Sec. 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Levinson v. United States,496 F.2d 651, 654-655 (3d Cir. 1974); Miller v. Commissioner,51 T.C. 915, 918 (1969).The Commissioner will carry his burden if he shows that the taxpayer intended to evade taxes which he knew or believed that he owed by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); *265 Webb v. Commissioner,394 F.2d 366, 377-378 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Acker v. Commissioner,26 T.C. 107, 111-112 (1956). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Circumstantial evidence is permitted where direct evidence of fraud is not available. Spies v. United States,317 U.S. 492, 499 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); Gajewski v. Commissioner,67 T.C. at 200. Fraud may properly be inferred where an entire course of conduct establishes the necessary intent. Rowlee v. Commissioner,supra;Stone v. Commissioner,56 T.C. 213, 223-224 (1971). The precise amount of underpayment resulting from fraud need not be proved. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). *266 The statute requires only a showing that "any part" of an underpayment results from fraud. However, the Commissioner must show fraud resulting in an underpayment for each taxable year in which fraud has been asserted. Otsuki v. Commissioner,supra.
In the present case, the evidence in the record clearly and convincingly establishes that the petitioner fraudulently underpaid his tax for 1981. He properly filed returns for year prior to 1981; yet, the documents that he submitted for 1981 clearly did not constitute a return within the meaning of section 6011 and the regulations thereunder. See Jarvis v. Commissioner,78 T.C. 646 (1982); Tompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981). In addition, during 1981 and 1982, the petitioner submitted to many of his employers false Forms W-4. On such forms, he falsely claimed that he was exempt from Federal income tax withholding. While failure to file is not conclusive evidence of fraud, it is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); *267 Habersham-Bey v. Commissioner,78 T.C. 304, 312-314 (1982). The petitioner seeks to avoid imposition of the addition to tax for fraud by claiming that he had no fraudulent intent to underpay his Federal income tax for 1981. He contends that he naively believed the position advocated by the Keystone Society, that wages were not taxable income. Since that time, he has come to realize that the position advocated by the Keystone Society is erroneous. We do not find the petitioner's contention to be convincing. He filed proper returns in prior years; he knew that his fellow citizens paid Federal income taxes on their wages. The petitioner was clearly aware of his obligation to file a proper income tax return, and it is also clear that he knowingly and willfully failed to fulfill such obligation for 1981. See Hebrank v. Commissioner,supra at 641-644; Rowlee v. Commissioner,supra at 1123-1126. The determination of whether there was fraud is based on the circumstances existing at the time of underpayment; the fact that the petitioner subsequently realized that he had made a mistake does not alter his intent at the time he *268 underpaid his tax for 1981. Bennett v. Commissioner,30 T.C. 114, 122-123 (1958); Hirschman v. Commissioner,12 T.C. 1223, 1228-1230 (1948). Based on the record in the present case, we hold that the Commissioner has, by clear and convincing evidence, proved that the underpayment of the petitioner's tax for 1981 was due to fraud. The third issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * In the present proceedings, the petitioner has not relied on the frivolous and groundless arguments set forth in the documents that he submitted as his income tax return for 1981. In his notice of deficiency, the Commissioner allowed the petitioner no deductions; he has since conceded that the petitioner is entitled to certain *269 deductions. In addition, we have found that the petitioner is entitled to a transportation expense deduction. On the basis of the record, we conclude that the proceedings herein were not instituted primarily for delay and that the petitioner's position is neither frivolous nor groundless, and accordingly, we hold that the United States is not entitled to an award of damages under section 6673. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981, unless otherwise indicated.↩
2. Schmidt v. Commissioner,T.C. Memo. 1977-376↩.