SELMA WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 2088-89
United States Tax Court
T.C. Memo 1990-534; 1990 Tax Ct. Memo LEXIS 588; 60 T.C.M. (CCH) 995; T.C.M. (RIA) 90534; October 15, 1990, Filed *588 Decision will be entered for Respondent. Robert N.H. Christmas, for the respondent. WELLS, Judge. WELLS
MEMORANDUM OPINION The instant case is before us on respondent's motion for summary judgment. Respondent determined the following deficiencies and additions to tax: [1] Additions to Tax Under Sections Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6654 1978
$ 3,885.00 $ 1,943.00
$ 124.03
1979
2,449.00
1980
2,235.00 2,075.00
1981
3,235.00 1,618.00
1982
503.00 $ 3,614.00
*    *589 Respondent's motion rests upon a series of statements deemed admitted by petitioner under Rule 90(c) due to her failure to answer or object to respondent's request for admissions. Petitioner also failed to file any response to respondent's motion. Rule 90(f) states, "Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission." Thus, for purposes of the instant proceeding, the deemed admissions procured by respondent under Rule 90 are conclusively established. Except where we indicate otherwise, we adopt the admissions as our own findings, and they are incorporated herein by this reference. Under Rule 121(b), summary judgment is appropriate "if the *590 pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The moving party bears the burden of proving that there is no genuine issue of material fact and that he should prevail on the substantive issues as a matter of law. Rule 121(b); Naftel v. Commissioner, supra at 529; Espinoza v. Commissioner , supra at 416. In deciding whether to grant summary judgment, we construe the pertinent material in a manner most favorable to the party against whom summary judgment is sought. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. See also United States v. Diebold Inc., 369 U.S. 654 (1962) (construing Fed. R. Crim. P. 56, upon which Rule 121 is based). The party opposing *591 a summary judgment motion, however, may not rest upon the mere allegations or denials of such party's pleading, but must respond and set forth specific facts, by affidavits or as otherwise permitted, showing that there is a genuine issue for trial. Rule 121(d). Moreover, summary judgment on the issue of fraud is appropriate where respondent's affirmative allegations of fraud are supported by deemed admissions. Marshall v. Commissioner, 85 T.C. 267 (1985) (deemed admissions under Rule 90(c)); Doncaster v. Commissioner, 77 T.C. 334, 337 (1981) (deemed admissions under Rule 37(c)). In the instant case, petitioner's deemed admissions resolve all material issues of fact and support the deficiencies and additions to tax determined by respondent. Petitioner resided in New York, New York, when she filed her petition in the instant case. Petitioner was a private duty nurse during each of the years in issue. She performed private duty nursing services for compensation at Memorial Sloan-Kettering Cancer Center, New York Hospital, and Manhattan Eye, Ear and Throat Hospital (the hospitals), where she obtained assignments through the Yale Registry for *592 Nurses (the Registry). Patients at the hospitals paid fees to petitioner directly, and petitioner, in turn, paid five percent of such fees to the Registry as a commission. In order to conceal her true income, petitioner did not report to the Registry all of the work assignments she received. Records of the Registry, the hospitals, and petitioner's patients show that petitioner received the following amounts of income from private duty nursing: Year
Amount Received
1978
$ 19,183.00
1979
21,400.00  1980
18,664.00  1981
19,020.00  1982
26,470.00  Petitioner did not file a return for the taxable year 1978, and thus did not report $ 19,183.00 of income for that year. Petitioner failed to file her income tax returns for taxable years 1979, 1980, and 1982 in a timely manner. The returns for those years were not filed until April 18, 1986, after petitioner was charged with criminal failure to file her 1979, 1980, and 1982 returns. In her returns for taxable years 1980 and 1982, petitioner failed to report $ 7,210.00 and $ 1,237.00, respectively, of the income set forth above. Petitioner filed her 1981 return in a timely manner but she failed *593 to report $ 12,020.00 of the income set forth above. Petitioner was charged by information on April 8, 1986, with criminal failure to file her 1979, 1980, and 1982 tax returns, in violation of section 7203. Petitioner pled guilty to the charge with respect to her 1982 tax return, in violation of section 7203, in the Federal District Court of the Southern Judicial District of New York on April 23, 1986. Petitioner was sentenced on June 26, 1986, to one year of probation and 300 hours of community service. Based upon the foregoing deemed admissions, we find that respondent has satisfied his burden of proving that no genuine issue of material fact exists as to respondent's deficiency determinations as a matter of law. Consequently, we grant respondent's motion with respect to the deficiencies. As noted above, summary judgment with respect to the fraud additions may be appropriate where supported by deemed admissions. Marshall v. Commissioner, supra; Doncaster v. Commissioner, supra. In order to impose the fraud addition, respondent must establish, by clear and convincing evidence, that an underpayment of tax occurred in each taxable year *594 in issue and that a portion of each such underpayment was due to fraud. Parks v. Commissioner, 94 T.C. 654, 660-661, 663-664 (1990); Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989); sec. 7454(a); Rule 142(b). Based on the foregoing, we find that respondent has established that underpayments occurred in each of the taxable years in issue. To meet his burden of establishing fraud, respondent must show intentional wrongdoing by petitioner with the purpose of evading a tax believed to be owing. Petzoldt, supra; McGee v. Commissioner, 61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). Whether fraud exists is a question of fact and is to be determined on the basis of the entire record. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Respondent may use circumstantial evidence to carry his burden of proving fraud. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Gajewski v. Commissioner, 67 T.C. 181, 200 (1976), affd. without published opinion *595 578 F.2d 1383 (8th Cir. 1978). In Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. a Memorandum Opinion of this Court, the court listed several indica of fraud, certain of which respondent has demonstrated are present in the instant case. Petitioner was aware of her responsibility to file and pay her taxes for the years in issue. Petitioner, however, consistently underreported substantial amounts of income for a five year period. For taxable year 1978 she failed to file a return ever and for taxable years 1979, 1980, and 1982 she failed to file returns until 1986, after she was charged with criminal failure to file such returns. We note that petitioner's late filing and payment of all or a portion of the taxes due for such years does not mitigate her fraud, Truesdell v. Commissioner, 89 T.C. 1280, 1303 (1987), nor does it prevent respondent from imposing the fraud addition, The Hicks Co. v Commissioner, 56 T.C. 982, 1026 (1971), affd. 470 F.2d 87 (1st Cir. 1972), or from calculating the addition on the full amount of her tax liability for such years. Sherin v. Commissioner, 13 T.C. 221, 229-230 (1949); *596 Hirschman v. Commissioner, 12 T.C. 1223, 1229 (1949). Petitioner's guilty plea for willful failure to file a return for taxable year 1982 collaterally estops her from denying that she wilfully failed to file a return for that year. Castillo v. Commissioner, 84 T.C. 405, at 409-410 (1985). Furthermore, the deemed admissions establish that petitioner failed to maintain complete and accurate records of her income-producing activities and failed to produce complete and accurate records to respondent in connection with the examination of petitioner's tax liability for the taxable years in issue. Petitioner falsely stated to respondent's agents that she had lost her business records during travel from New York, New York toJamaica, West Indies to visit her ill mother, during the years in issue. Petitioner subsequently admitted that her mother died in 1976 or 1977, and that the last time she visited Jamaica, West Indies, was in 1978. Petitioner also falsely stated that her business records were stored in the basement of her residence at 225 East 72nd Street, New York, New York. Additionally, petitioner falsely stated that her business records were *597 stored in the basement of the residence of Hilda Newman, at 8301 Homelawn Street, Jamaica, New York, at a time when that residence was in fact destroyed by fire. We find that petitioner's deemed admissions justify summary judgment upholding the additions sought by respondent under sections 6653(b), 6653(b)(1) and (b)(2) as a matter of law. We therefore grant respondent's motion with respect to the additions to tax for fraud for each of the taxable years in issue. Finally, petitioner did not make the required estimated payments for taxable year 1978. Summary judgment therefore is appropriate for the addition sought by respondent under section 6654 for taxable year 1978 and will be granted. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Plus 50 percent of the interest due on $ 7,227.00.↩